IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAMIRO MONTOYA and OFELIA MONTOYA, | § § § | |
| Plaintiffs, | § § | |
| V. | § | A-14-CV-639-LY-ML |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE ON BEHALF OF THE CERTIFICATE HOLDERS OF MORTGAGE SECURITIES CORP., MSAC 04-HE7 MORTGAGE PASS-THROUGH CERTIFICATES SERIES MSAC04-HE7, and SELECT PORTFOLIO SERVICING, INC., | § § § § § § § § | |
| Defendants, | § § | |

**ORDER GRANTING MOTION TO WITHDRAW**

Before the Court is the unopposed Motion for Withdrawal of Counsel [Dkt # 11] filed by Plaintiffs' attorney, Kimberly Nash of Fred E. Walker, P.C. Attorneys in the above-referenced case.[1] The Court held a hearing on this motion on July 31, 2015 in order to determine whether there is good cause to grant counsel's motion to withdraw. Although the Plaintiffs, Ramiro Montoya and Ofelia Montoya, individually, were directed to appear in person to participate in the hearing, they failed to appear. Attorney Kimberly Nash advised the Court that her clients had consistently refused to respond to her attempts to contact them by letter and telephone, and were not cooperating in her efforts to respond to or propound discovery.

---

[1] All pending and future matters in this case have been referred to the undersigned by United States District Judge, Lee Yeakel, for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, or for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules for the United States District Court for the Western District of Texas.

The discovery deadline and dispositive motions deadline in this case are approaching quickly. The discovery deadline is August 10, 2015, and the dispositive motions deadline is August 31, 2015. Ordinarily the Court would decline to allow counsel's withdrawal so close to these key deadlines, but the Court finds Counsel has no viable means of meeting her professional obligations in the face of Plaintiffs' refusal to cooperate. Counsel's Motion to Withdraw is well founded. Therefore,

IT IS ORDERED that Counsel's Motion to Withdraw [Dkt. #11] is GRANTED. Prior to finalizing her withdrawal from the case, Attorney Kimberly Nash is personally instructed to provide a copy of this Order and the Scheduling Order [Dkt. #8] in this matter to Plaintiffs via Certified Mail, return receipt requested, and to file that return mail receipt with the Clerk of the Court in this case.

Plaintiffs are instructed that these scheduling order deadlines carry real consequences for their case. The deadlines are rarely moved. Absent a motion establishing good cause for any delay in responding to these scheduling order deadlines, Plaintiffs may find themselves subject to sanctions, up to an including dismissal of their case, based on any further failure to cooperate with the scheduling order in this case.

SIGNED August 4, 2015,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE